UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DIETRICH LANGSTON,

        Plaintiff,

v.                                Case No. 8:23-cv-00656-CEH-AEP

ADVENT HEALTH, JERGES
CARDONA, JONATHAN
FOREMAN, NIRAN PATEL,
INDI VASUDEVA, JOHN A.
VENZOR, AMMAR SAIFO,
AZZAT A. ALI, AND LISARDO
LAMELAS,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

    This cause comes before the Court on Plaintiff Dietrich Langston's Motion to proceed *in forma pauperis* (Doc. 9) and Plaintiff's Motion to file an Amended Complaint (Doc. 10).[1] Plaintiff, proceeding *pro se*, asserts claims against AdventHealth, Dr. Jerges Cardona, Dr. Jonathan Foreman, Dr. Niran Patel, Dr. Indi Vasudeva, Dr. John A. Venzor, Dr. Ammar Saifo, Dr. Azzat A. Ali, and Dr. Lisardo Lamelas ("Physician-Defendants") (Doc. 8, at 7). For the reasons detailed below, Plaintiff's renewed motion to proceed *in forma pauperis* (Doc. 9) should be

---

[1] In the present Amended Complaint, Plaintiff once again attempts to attach fifteen additional plaintiffs (Doc. 9, at 7). As further discussed below, Plaintiff is not entitled to represent additional parties within her *pro se* capacity due to her status as a non-attorney.

denied, Plaintiff's Amended Complaint (Doc. 8) should be dismissed, and Plaintiff's Motion to file an Amended Complaint (Doc. 10) should be denied.

## I.  Background

Previously, Plaintiff filed a Complaint (Doc. 1) and moved to proceed *in forma pauperis* (Doc. 2). The undersigned denied Plaintiff's motion, giving Plaintiff leave to file an amended complaint that set forth a factual basis for the Court's jurisdiction, for the claims, and for the relief requested (Doc. 6). Subsequently, Plaintiff filed an Amended Complaint that substantively mirrors the original Complaint, except for the addition of medical records as attachments. *Compare* (Doc. 8) *with* (Doc. 1). Plaintiff also filed a motion to proceed *in forma pauperis* and, on the same day, a letter requesting to file an amended complaint, which the undersigned construes as a motion to file an amended complaint.

## II. Legal Standard

The clerk of each district court shall require the parties instituting any civil action, suit, or proceeding in such court to pay a filing fee. 28 U.S.C. § 1914(a). However, a court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security. 28 U.S.C. § 1915(a)(1). When an application to proceed *in forma pauperis* is filed, the court must review the case and dismiss it *sua sponte* if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). District courts maintain broad discretion in determining whether to grant or deny

an application to proceed *in forma pauperis. See Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir. 1983) (per curiam).

An action is frivolous where the allegations lack an arguable basis either in law or fact. *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citations omitted). Accordingly, where the court determines from the face of the complaint that the factual allegations are clearly baseless or the legal theories are without merit, the court may dismiss the complaint before service of process. *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) (citations omitted).

Further, to state a claim, a pleading must contain a short and plain statement of the grounds for the court's jurisdiction; a short and plain statement of the claim showing the pleader is entitled to relief, and a demand for the relief sought. Fed. R. Civ. P. 8(a)(1)-(3). Failure to state a claim is governed by the same standard as dismissal under Rule 12(b)(6), Federal Rules of Civil Procedure. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997); *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008) (citation omitted). Dismissal for failure to state a claim is appropriate if the facts, as pleaded, fail to state a claim for relief that is "plausible on its face." *Aschcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted); *see also Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004) (explaining that "conclusory allegations,

3

unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (internal citation and quotations omitted). Moreover, federal courts are courts of limited jurisdiction and, thus, have an obligation to inquire into their subject matter jurisdiction *sua sponte* whenever it may be lacking. *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1279–80 (11th Cir. 2001); *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking."). Specifically, federal district courts will have original jurisdiction over cases in which the amount in controversy exceeds $75,000, and the case is between citizens of different states or citizens of the United States and citizens of a foreign state. 28 U.S.C. § 1332.

In reviewing a complaint, courts hold *pro se* pleadings to a less stringent standard and therefore construe the complaint more liberally.[2] *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.").

### III.   Discussion

Plaintiff's Amended Complaint suffers from the same deficiencies as those outlined by the undersigned when denying Plaintiff's previous motion to proceed *in*

---

[2] Although courts afford liberal construction to *pro se* litigants' pleadings, litigants appearing *pro se* in this District must adhere to the procedural requirements of the Federal Rules of Civil Procedure as well as the Local Rules for the Middle District of Florida. *McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

*forma pauperis* and dismissing the Complaint without prejudice. In the present Amended Complaint, Plaintiff attempts to attach fifteen additional plaintiffs (Doc. 1, at 7). As previously noted, while Plaintiff is entitled to conduct her own case without council, she is not entitled to represent additional parties within her *pro se* capacity due to her status as a non-attorney. *See FuQua v. Massey*, 615 F. App'x 611, 612 (11th Cir. 2015) (holding that the right of parties to appear *pro se* is limited to conducting their own cases and does not extend to non-attorney parties representing the interests of others). Although the undersigned previously put Plaintiff on notice of this limitation, Plaintiff filed the Amended Complaint on her behalf and added a list of *pro se* plaintiffs without their signatures.

In the Amended Complaint, Plaintiff continues to omit facts demonstrating that she can assert a viable federal claim. In fact, she fails to specifically allege any wrongdoing by the named Defendants. The Amended Complaint, which is identical to the Complaint, does not provide sufficient information to determine that this Court may maintain jurisdiction over this matter. Plaintiff requests relief in the sum of $1,500,000, which is sufficient to meet the $75,000 amount in controversy requirement (Doc. 8, at 6). However, when outlining the basis for federal jurisdiction, Plaintiff asserts that both herself and defendant-physician Dr. Azzat Ali are citizens of Florida (Doc. 8, at 4). Although Plaintiff specifies neither the citizenship of the other eight defendants nor the citizenship of the other fifteen attached plaintiffs, the shared state citizenship between Plaintiff and the physician-

defendant is sufficient to demonstrate that there is not complete diversity between parties in the present case. 28 U.S.C. § 1332.

Additionally, one of the named defendants, AdventHealth, is an organization that is headquartered in and primarily serves the state of Florida. This is likely sufficient to demonstrate that Florida is AdventHealth's principal place of business, establishing Florida citizenship for the organization as well. *See Hertz Corp. v. Friend*, 559 U.S. 77, 78 (2010) (explaining that a corporation's principal place of business, for diversity jurisdiction purposes, is usually its main headquarters). For these reasons, complete diversity of citizenship between parties does not appear to be satisfied.

Even if the Court had jurisdiction, Plaintiff fails to state a claim upon which relief may be granted. The Amended Complaint does not identify with sufficient specificity what has allegedly occurred, nor does it specify which actions are attributable to each of the named defendants. Plaintiff asserts that on April 10th, 2021, the defendants "… allowed plaintiff's mother to starve for days, then plaintiff's mother died." (Doc. 8, at 6). Plaintiff continues by asserting her mother was "taken to dialysis… without nutrition," causing her heart to stop (Doc. 8, at 6). She alleges that these events led to "a decline in health, stroke, and place[ment] on a ventilator…" and eventually the death of her mother. Due to the lack of facts provided, however, it is difficult to establish how the alleged starvation led to the stroke that ultimately caused the death of the decedent. Additionally, no underlying facts are provided to establish Plaintiff's entitlement to relief in this forum – Plaintiff

does not specify where or in what facility the alleged occurrences took place, nor does she specify how each defendant's actions or breaches of duty are attributable to the resulting harm.

The only difference between the Complaint and the Amended Complaint is that Plaintiff attached medical records to the Amended Complaint. Although not stated in the Amended Complaint, a review of the medical records demonstrates that Plaintiff's mother was a patient at an AdventHealth medical facility when the alleged events occurred, and some of the physician-defendants treated Plaintiff's mother while at the facility.[3] Under Florida law, employers can be vicariously negligent for the acts of their employees. *City of Miami v. Oates*, 10 So. 2d 721, 724 (Fla. 1942). Generally, hospitals are not vicariously liable for the acts of physicians in private practice who are granted staff privileges only. *Tabraue v. Doctors Hosp., Inc.*, 272 So. 3d 468, 471 (Fla. 3d Dist. Ct. App. 2019). However, if the physician is a resident or intern employed by the hospital, the hospital is vicariously responsible for the physician's acts under the respondeat superior doctrine. *Variety Children's Hosp., Inc. v. Perkins*, 382 So. 2d 331, 335 (Fla. 3d Dist. Ct. App. 1980); *Oates*, 10 So. 2d at 724. Although noted in the undersigned's Order outlining the deficiencies in the Complaint, Plaintiff's Amended Complaint does not provide adequate facts to determine if the physician-defendants listed qualify to trigger the respondeat superior doctrine. Plaintiff fails to allege what laws or constitutional provisions were

---

[3] It is not clear from a review of the medical records whether all of the physician-defendants treated Plaintiff's mother as only some appear in the records.

violated or how they were contravened. Plaintiff also fails to indicate which Defendants are responsible for any alleged violations or any other factual allegations that establish Plaintiff's entitlement to relief in this forum.

Simply stated, the Amended Complaint fails to give rise to a viable federal claim based on a lack of jurisdiction and the facts, as pleaded, fail to state a claim for relief that is "plausible on its face." *See Iqbal*, 556 U.S. at 678. Generally, a *pro se* plaintiff must be given an opportunity to amend his or her complaint before the district court dismisses it. *Silva v. Bieluch*, 351 F.3d 1045, 1048-49 (11th Cir. 2003). The court, however, need not allow an amendment where such amendment would be futile. *Cornelius v. Bank of Am., N.A.*, 585 F. App'x 996, 1000 (11th Cir. 2014) (per curiam) (citing *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (per curiam)). "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." *Id.* Plaintiff had the opportunity to amend her complaint and has failed to rectify the deficiencies previously noted by the undersigned. Any further attempts to amend would be futile here because the Court lacks jurisdiction and the defects noted are not amenable to correction on amendment. The undersigned is entirely sympathetic to the Plaintiff, as the loss of a parent is a traumatizing event riddled with profound grief and enduring pain. However, the undersigned is required to determine whether the Plaintiff has properly asserted a claim and here the Plaintiff has not. Therefore, the undersigned recommends that the Court dismiss the Amended Complaint with prejudice.

Also pending before the undersigned is what the undersigned has construed as Plaintiff's motion to file an amended complaint. However, because Plaintiff already had leave to file an amended complaint, and did so, this motion should be denied as moot.

Accordingly, it is hereby

RECOMMENDED:

1.      Plaintiff's Motion to proceed *in forma pauperis* (Doc. 9) be DENIED.

2.      Plaintiff's Amended Complaint (Doc. 8) be DISMISSED WITH PREJUDICE.

3.      Plaintiff's Motion for Leave to File Amended Complaint (Doc. 10) be DENIED AS MOOT.

4.      The Clerk be directed to close the case.

IT IS SO REPORTED in Tampa, Florida, this 11th day of October, 2023.

ANTHONY E. PORCELLI
United States Magistrate Judge

**<u>NOTICE TO PARTIES</u>**

A party has fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1). **Should the parties wish to expedite the resolution of this matter, they may promptly file a joint notice of no objection.**


cc:     Hon. Charlene Edwards Honeywell
        Plaintiff, *pro se*