# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

DIETRICH LORAINE LANGSTON,

    Plaintiff,

v.                                           Case No: 8:23-cv-656-CEH-AEP

JERGES CARDONA, JONATHAN FOREMAN, NIRAN PATEL, INDI VASUDEVA, JOHN A. VENZOR, AMMAR SAIFO, AZZAT A. ALI, LISARDO LAMELAS and ADVENT HOSPITAL,

    Defendants.
_____/

## ORDER

This matter comes before the Court on Plaintiff's "Motion Order for Another Time" (Doc. 22). In the motion, Plaintiff requests the Court grant Plaintiff an additional one to two years in which to file an Amended Complaint because Plaintiff is suffering from significant health issues and needs additional time in which to seek legal assistance pursuing the claims in the Complaint. On February 22, 2024, this action was dismissed for lack of jurisdiction and closed. Doc. 20. The Court construes the instant motion, which Plaintiff files *pro se*, as a motion under Fed. R. Civ. P. 60(b) for relief from judgment or a court order. The Court, having considered the motion and being fully advised in the premises, will deny Plaintiff's Motion.

## BACKGROUND

On April 10, 2023, Plaintiff Dietrich Langston, proceeding *pro se*, filed a form civil action Complaint alleging negligence. Doc. 1. Plaintiff sued Advent Health and eight individual medical providers for medical malpractice arising out of the treatment and death of Plaintiff's mother. In conjunction with the Complaint, Plaintiff filed a motion to proceed *in forma pauperis*, which was referred to the magistrate judge. Doc. 2. On July 28, 2023, after conducting a review of Plaintiff's Complaint, pursuant to 28 U.S.C. § 1915, the magistrate judge denied without prejudice Plaintiff's motion to proceed without prepaying fees as Plaintiff's Complaint failed to sufficiently identify the Court's subject matter jurisdiction. In that regard, although Plaintiff alleged an amount in controversy in excess of the $75,000 threshold, Plaintiff's allegations reflected that diversity of citizenship was lacking.[1] Doc. 6. The magistrate judge also noted that Plaintiff failed to sufficiently allege underlying facts demonstrating Plaintiff's entitlement to relief in this forum.

Plaintiff was directed to file a renewed motion to proceed *in forma pauperis* and an amended complaint that sets forth sufficient factual allegations establishing a jurisdictional basis for each claim and identifying with specificity the details of the allegations and how they are attributable to each of the named defendants. *Id.* at 6–7.[2]

---

[1] The magistrate judge observed that both Plaintiff and the defendant-physician Dr. Azzat Ali are alleged to be citizens of Florida.
[2] The magistrate judge also noted that although Plaintiff attempts to attach fifteen additional plaintiffs (Doc. 1 at 7), Plaintiff, who is not an attorney, may not represent additional parties in a *pro se* capacity. *See FuQua v. Massey*, 615 F. App'x 611, 612 (11th Cir. 2015) (holding that

On September 1, 2023, Plaintiff timely filed an Amended Complaint (Doc. 8) and a new motion to proceed *in forma pauperis* (Doc. 9), but the Amended Complaint suffered from the same deficiencies as Plaintiff's initial complaint. Accordingly, on October 11, 2023, the magistrate judge issued a report and recommendation recommending that Plaintiff's motion be denied and the Amended Complaint dismissed with prejudice. Doc. 11. Plaintiff had fourteen days from the magistrate judge's report in which to file objections. *See id.* at 10. Plaintiff's objections were due by October 25, 2023.

On October 26, 2023, Plaintiff filed a motion requesting an extension of time in which to file objections to the report and recommendation; the magistrate judge granted Plaintiff's request. Docs. 12, 13. The magistrate judge gave Plaintiff until November 20, 2023, to file objections, advising Plaintiff that any future request for extension of time must demonstrate good cause. Doc. 13. On November 20, 2023, Plaintiff filed a second request for extension of time, stating Plaintiff is looking for counsel. Doc. 14. On December 7, 2023, the magistrate judge granted Plaintiff's requested extension and gave Plaintiff until January 5, 2024, in which to file objections to the report and recommendation. Doc. 15. The magistrate judge cautioned Plaintiff that absent exigent circumstances, no further extensions were likely to be granted. Doc. 15. On January 5, 2024, rather than file any objections, Plaintiff again sought a third extension of time because Plaintiff has not been feeling well and was seeking

---

the right of parties to appear *pro se* is limited to conducting their own cases and does not extend to non-attorney parties representing the interests of others).

3

assistance of counsel. Doc. 16. The magistrate judge granted Plaintiff's third request for extension of time, gave Plaintiff an additional month until February 9, 2024, in which to file objections to the report and recommendation, and advised Plaintiff that no further extensions would be granted. Doc. 17. The magistrate judge's order indicated that Plaintiff's unspecified illness does not represent good cause, but one final extension was nonetheless granted. On February 8, 2024, Plaintiff filed a fourth request for an extension of time stating he is trying his best. Doc. 18. Plaintiff claims to need surgery but, as with the last request for an extension of time, Plaintiff provided no details or information regarding the need for such medical care and why it was preventing Plaintiff from filing a response to the report and recommendation.

On February 16, 2024, the magistrate judge denied Plaintiff's fourth requested extension of time because the Court lacks jurisdiction and there is no indication in Plaintiff's filings that the deficiencies in the Amended Complaint would be able to be corrected. Doc. 19. Plaintiff was given three extensions of time and had over four months in which to file objections to the report and recommendation. No such objections were filed. On February 22, 2024, this Court adopted the magistrate judge's report and recommendation and dismissed Plaintiff's Amended Complaint for lack of jurisdiction and closed the case. Doc. 20. Plaintiff did not appeal the order of dismissal.

Four months after dismissal of Plaintiff's case, Plaintiff now files the instant motion seeking an additional year or two in which to submit an amended complaint. Doc. 22.

4

## DISCUSSION

In Plaintiff's motion, Langston recognizes the case has been dismissed, but requests an additional one to two years in which to file an amended complaint. Doc. 22. The magistrate judge explained to Plaintiff in detail the deficiencies in the initial Complaint, and Plaintiff was given ample opportunity to correct the deficiencies in the pleadings to show that jurisdiction before this Court is proper. Further, the magistrate judge gave Plaintiff guidance regarding the Complaint's failure to state any claim. Notwithstanding, Plaintiff refiled an Amended Complaint that was similar to the initial complaint and equally as deficient. Plaintiff now asks this Court to give Plaintiff more time to amend the Complaint. In essence, Plaintiff seeks an order setting aside or reconsidering the order of dismissal. Even construing Plaintiff's pleadings liberally, however, Plaintiff offers no additional facts to indicate that the Court would have subject matter jurisdiction over the claims alleged or that Plaintiff can state a cause of action. *See Popham v. Cobb Cty., Georgia Gov't*, 392 F. App'x 677, 681 (11th Cir. 2010) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993) (providing that, although *pro se* pleadings are to be construed liberally, "procedural rules in ordinary civil litigation" should not be interpreted "so as to excuse mistakes by those who proceed without counsel").

In relevant part, Federal Rule of Civil Procedure 60 provides that a court may grant a motion relieving a party from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

5

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Plaintiff does not argue any reason recognized in paragraphs (1) through (5) of Rule 60(b) to support setting aside the order of dismissal. And his claim of suffering unspecified health issues is an insufficient basis to justify the relief requested under Rule 60(b)(6), particularly where Plaintiff was previously granted over four months of extensions of time.  As Plaintiff provides no legal or factual basis to justify reopening this case or setting aside the Court's prior order of dismissal, Plaintiff's motion is due to be denied. Accordingly, it is

**ORDERED**:

1. Plaintiff's "Motion Order for Another Time" (Doc. 22) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on October 4, 2024.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Dietrich Langston, *pro se*
Counsel of Record